UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

B and S EQUIPMENT CO.                     CIVIL ACTION

VERSUS                                    NO:10-1105

HEALTHEON INC.                            SECTION: "J" (2)


**ORDER AND REASONS**


Before the Court is Defendant Healtheon Inc.'s **Motion to Dismiss and Compel Arbitration** (Rec. D. 8).


**PROCEDURAL AND FACTUAL BACKGROUND**

Defendant Healtheon Inc ("Healtheon") and Plaintiff B and S Equipment Co. Inc. ("B&S") entered into a written contract on October 29, 2009. Through the contract Healtheon was to pay B&S for work including scanning and sweeping of the Port Fouchon Navigation Channel. This contract derived from a Request for Proposals by the Army Corp of Engineers for the New Orleans District and contained an unambiguous arbitration clause.

On November 19, 2009, Healtheon sent B&S a notice to proceed. On November 30, 2009, there was a meeting between the

parties. Plaintiff contends that at the meeting the parties orally invalidated the original subcontract between them and expanded the scope of the work. Defendant argues that this never occurred.

On December 2, 2009, Healtheon formally cancelled the work, reserving any rights pursuant to the contract. Healtheon alleges that B&S was incapable of carry out the required work.

**PARTIES ARGUMENTS:**

Defendant argues that this dispute should be covered by the binding arbitration agreement between the parties in the original subcontract. Plaintiff counters that the contract between the parties was orally nullified and therefore the provision for arbitration is unenforceable.

**DISCUSSION:**

The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for

2

the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Furthermore, in <u>Alford v. Dean Witter Reynolds, Inc.</u>, the Fifth Circuit concluded that "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." 975 F.2d 1161, 1164 (5th Cir. 1992)(citations omitted).

The Court finds at the outset that the arbitration clause contained in the contract is both binding and enforceable. The provision in question is clear and expansive in its scope. Given the Courts' inclination to favor arbitration clauses, the Court can see no reason not to enforce this clause. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (U.S. 1983)

No modification was made to the contract which would invalidate the enforceability of the arbitration clause. The contract between the two parties contains a provision which states that "no supplement, modification or amendment to this Subcontract Agreement shall be binding unless executed in writing by all parties to this subcontract."[1] Plaintiff has failed to produce any written document by all parties which purports to modify the original contract.

There was also no waiver of any provision in the contract. The contract also contains a clause which states that "No

---

[1] Ex. 6 . Plaintiff's Opposition (Rec. D. 9), p 23-24

provision of this Subcontract Agreement can be waived unless such waiver is expressed in writing and signed by all parties hereto."[2] Plaintiff has likewise not produced a written waiver signed by all parties.

The Court finds that the arbitration clause is enforceable and binding on the parties.

Accordingly,

**IT IS ORDERED** that Defendant Healtheon Inc.'s **Motion to Dismiss and Compel Arbitration** (Rec. D. 8) is **GRANTED.** This case is dismissed without prejudice and the parties are ordered to proceed with arbitration.

New Orleans, Louisiana, this the 17th day of June 2010.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] Ex. 6 . Plaintiff's Opposition (Rec. D. 9), p 24