UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

B and S EQUIPMENT CO.                         CIVIL ACTION

VERSUS                                        NO:10-1105
                                              c/w 10-4137

HEALTHEON INC.                                SECTION: "J" (2)


**ORDER AND REASONS**

Before the Court is B and S Equipment Co., Inc. ("B&S")'s
Motion to Dismiss Case  Pursuant to Pending Arbitration and for
Sanctions (Rec. Doc. 31), Healtheon, Inc. ("Healtheon")'s
Opposition (Rec. Doc. 37), and B&S' Reply (Rec. Doc. 45). Having
considered the motions and legal memoranda, the record, and the
applicable law, the Court finds that B&S's **Motion to Dismiss**
**(Rec. Doc. 31)** should be **GRANTED.**

**FACTUAL AND PROCEDURAL BACKGROUND:**

Healtheon and B&S entered into a contract on October 29,
2009. Healtheon was to pay B&S for work including scanning and
sweeping of the Port Fouchon Navigation Channel. This contract
derived from a Request for Proposals by the Army Corp of
Engineers for the New Orleans District and contained an

1

unambiguous arbitration clause.  The litigation began when B&S sued Healtheon for failure to pay B&S for work done on the Corps of Engineers project. B&S also sued the company that issued Healtheon's surety bonds, Hanover Insurance Company ("Hanover"), to recover the unpaid funds.

Healtheon filed a Motion to Dismiss/Compel Arbitration pursuant to an enforceable arbitration clause in the Subcontract between the parties. This Court granted Healtheon's motion, ruling that the "case is dismissed without prejudice and the parties are ordered to proceed with arbitration" (Rec. Doc. 17). In less than a month, B&S complied with the Court's order, filing a Notice of Arbitration with the American Arbitration Association ("AAA") to recover the unpaid funds from Healtheon.

Hanover then moved to dismiss or stay the separate suit against it, arguing that its liability was contingent upon that of its insured, Healtheon, who was proceeding with binding arbitration.  This Court agreed and stayed that proceeding pending the outcome of arbitration; although, the Court transferred and consolidated the Hanover suit with the previously filed Healtheon suit.

The matter remained closed until the suits filed by other subcontractors were consolidated under the above-captioned master case. On October 27, 2010, Healtheon filed suit against B&S in

this Court and requested consolidation with the master case.
<u>Healtheon, Inc. vs. B&S Equipment Co., Inc. et al.</u>, 10-cv-4137.

**PARTIES' ARGUMENTS:**

B&S argues that Healtheon's suit against B&S should be
dismissed, considering the arbitration pending between the
parties. This new suit by Healtheon was filed more than four
months into the arbitration proceedings, with arbitration
hearings scheduled for February 14 and 15, 2011. B&S asserts that
Healtheon knew when it filed this new suit that it was bound by
contract and this Court's order to arbitrate its claims against
B&S, and its filing suit and subsequently moving to consolidate
that case with the other suits filed against Healtheon and
Hanover was done in bad faith. Hence, B&S requests the Court to
impose sanctions on Healtheon.

Healtheon responds that it made numerous attempts within the
pending arbitration to consolidate its claim against B&S with
B&S' claim against Healtheon. Healtheon argues that B&S opposed
those attempts at every opportunity, such that Healtheon had no
choice but to bring a claim against B&S outside the confines of
the arbitration.

B&S's Reply alleges that there is no dispute between the
parties that the AAA's  Construction Industry Arbitration Rules
apply to their arbitration and govern the arbitration
proceedings. Thereunder, a respondent has the unconditional right

3

to file an answer or counterclaim to the Demand for Arbitration within 14 days. Failure to file a specific answer within 14 days results in the respondent being deemed to have generally denied the claim; and, after 14 days, a counterclaim can only be filed with the arbitrator's consent. B&S argues that by failing to timely file an answer and a counterclaim Healtheon waived the absolute right to assert any counterclaims, affirmative defenses, or claims for offset and is bound to a general denial of B&S' claims. Furthermore, B&S contends that this very issue was previously addressed and resolved by the arbitrator. Ultimately, however, the arbitrator rejected Healtheon's counterclaim as untimely. B&S argues that what Healtheon seeks from this Court is a second bite of the apple. It made its arguments, as did B&S, and the arbitrator ruled in B&S' favor. Healtheon has not appealed that decision, nor stated any basis for such an appeal. Both Healtheon and B&S agreed at the initial preliminary conference that they would not require reasoned judgments, and so the arbitrator did not, nor did he need to, give reasons for his ruling. According to B&S, the arbitrator's ruling is final, and Healtheon should not be allowed to litigate around that ruling.

**DISCUSSION:**

In its previous Order (Rec. Doc. 17), the Court found that the arbitration clause contained in the contract was both binding and enforceable. The Court considered the provisions of the

4

Federal Arbitration Act and the precedent of the United States
Fifth Circuit Court of Appeals and concluded that "the weight of
authority clearly supports dismissal of the case when all of the
issues raised in the district court must be submitted to
arbitration" (Rec. Doc. 17). The B&S suit against Healtheon was
then dismissed, with the parties ordered to proceed with
arbitration.

Healtheon does not dispute that its claims against B&S arise
out of the same contract containing an arbitration clause.
Accordingly, any claims between Healtheon and B&S must be made in
arbitration. Healtheon had a right to file its counterclaims but
failed to timely do so or to persuade the arbitrator that it
should be granted leave to later file such claims.

This Court previously found that where a party's
counterclaim arose out of the same transaction/ occurrence and
involved the same agreement, the party that failed to present its
counterclaims to the arbitration panel was barred from later
bringing such counterclaims in federal court. Consorcio Rive,
S.A. de C.V. v. Briggs of Cancun, Inc., No. Civ. A. 99-2204, 2000
WL 1023420, *4 (E.D.La. Jul. 24, 2000) (opinion by J. Schwartz).
The Court found it prudent not to review the decision of the
arbitrator where the parties had the opportunity to litigate
within the arbitration proceeding. See id. Although the instant
case is distinguishable in its procedural posture, the same

5

reasoning applies *a fortiori*. Where, as here, the arbitration proceedings are still pending, the Court will not second guess the Arbitrator's interim rulings. Accordingly,

**IT IS ORDERED** that B&S's **Motion to Dismiss (Rec. Doc. 31)** is **GRANTED in part,** dismissing Healtheon's claims against B&S without prejudice**,** but its **Motion for Sanctions** is hereby **DENIED.**

New Orleans, Louisiana, this 11th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE